**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50547 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01456-LAB-1 |
| v. | |
| KERMIT PEREDA-REBOLLO, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50552 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01456-LAB-2 |
| v. | |
| DANNY PRECIADO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 10, 2009**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HALL and SILVERMAN, Circuit Judges, and CONLON,[***] District Judge.

Kermit Pereda-Rebollo and Danny Preciado appeal from their convictions under 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(ii) for transportation of illegal aliens. Both contend the district court erred by denying them an evidentiary hearing and denying their motion to suppress evidence obtained during an investigatory stop of their vehicle. Pereda-Rebollo appeals the denial of his motion to dismiss the indictment and motion to suppress post-arrest statements. Preciado appeals the denial of his motion for judgment of acquittal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts and procedural history, so we repeat them here only as necessary.

The district court did not err in denying Pereda-Rebollo's motion to dismiss the indictment because of improper grand jury instructions. The challenged instructions are constitutional. *See United States v. Cortez-Rivera*, 454 F.3d 1038, 1040-41 (9th Cir. 2006); *United States v. Navarro-Vargas*, 408 F.3d 1184, 1202-06 (9th Cir. 2005) (en banc).

---

[***] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Pereda-Rebollo argues his post-*Miranda* statements should have been suppressed because the administrative warnings and *Miranda* warnings given to him in quick succession were contradictory. We review the adequacy of *Miranda* warnings de novo, *United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002), and we reject Pereda-Rebollo's contention that he received contradictory or inconsistent warnings. The record shows he was fully informed of his right to counsel before and during questioning, and that he knowingly and voluntarily waived that right. We also reject Pereda-Rebollo's assertion that the *Miranda* warnings provided to him in Spanish were insufficient to convey the government's obligation to provide an accused indigent with counsel. *Duckworth v. Eagan*, 492 U.S. 195, 202-03 (1989) (no talismanic incantation is required to satisfy *Miranda*'s strictures). The totality of the warnings adequately informed Pereda-Rebollo of the right to appointed counsel if he could not afford a lawyer. *United States v. Miguel*, 952 F.2d 285, 288 (9th Cir. 1991). The district court did not err in denying Pereda-Rebollo's motion to suppress statements.

We review for abuse of discretion a district court's decision whether to conduct an evidentiary hearing on a motion to suppress. *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007). A hearing is only required "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to

3

enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Because appellants' moving papers raised no disputed factual issue regarding the investigatory stop, the district court did not abuse its discretion in denying an evidentiary hearing. Absent a disputed issue of fact, the district court was not required to make findings of fact on the record pursuant to Fed. R. Crim. P. 12(d). Neither appellant raised in the district court the argument that Preciado makes for the first time on appeal – that the Border Patrol radio call could not possibly have been the impetus for the appellants' arrest, because it was broadcast after the appellants had already been arrested.

Appellants contend the border patrol agents lacked reasonable suspicion to stop their vehicle. We review de novo the district court's denial of the motion to suppress, and we may affirm on any basis supported in the record. *United States v. Lemus*, 582 F.3d 958, 961 (9th Cir. 2009). In the border patrol context, reasonable suspicion to perform an investigatory stop may be based on: (1) characteristics of the area; (2) proximity to the border; (3) usual traffic patterns on a particular road; (4) previous smuggling in the area; (5) driver's behavior; (6) passengers' behavior; (7) aspects of the vehicle; and (8) officer experience. *United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997).

4

The border patrol agents had reasonable suspicion to perform the investigatory stop. One agent first became suspicious after seeing appellants in a dump truck driving eastbound close to the Mexican border. In the agent's experience, it was unusual for a dump truck to be in that area on a Sunday morning. Later that morning, agents heard a radio dispatch regarding a citizen's report of a dump truck picking up illegal aliens. The location corresponded to the direction in which one of the agents earlier saw the dump truck heading. The area was known for alien smuggling, especially when the nearby checkpoint was closed, as it was that day. Shortly after hearing the radio transmission, agents observed the dump truck returning westbound. They performed an investigatory stop. The totality of the circumstances supports a finding of reasonable suspicion of criminal activity. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

The district court did not err in denying Preciado's Fed. R. Crim. P. 29 motion for judgment of acquittal. The testimony of the border patrol agents and material witnesses, as well as the evidence of appellants' post-arrest statements, were sufficient to establish that Preciado knowingly aided and abetted the transportation of illegal aliens.

**AFFIRMED.**

5